ISAAC C. CHOATE, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO PULASKI.

When a capias is issued from a county where a party is indicted to another county to be executed, the sheriff making the arrest is a proper person to take the recognizance for an appearance to answer the indictment, and the cognizors are bound to perform their obligation.

Two *nihils* before a *scire facias* to answer to a recognizance, are sufficient to give the court jurisdiction, and to authorize a judgment and execution ; and it is not necessary to send the process to the county where the parties reside.

For error in the record in such a proceeding, not affecting the jurisdiction of the court, the proper remedy is by writ of error, and not by bill in chancery.

THE decree in this case was rendered by PARRISH, Judge, at October term, 1855, of the Pulaski Circuit Court. The facts are stated in the opinion of the court.

J. JACK, for Plaintiff in Error.

J. S. ROBINSON, District Attorney, for the People.

SKINNER, J. The bill in this case alleges that Isaac C. Choate was indicted in Pulaski county, and was arrested under a *capias,* in Massac county, to the sheriff of that county directed; that he was released from arrest by the sheriff, on entering into recognizance for his appearance to answer to the indictment, with the complainants as his sureties; that he failed to appear, and the recognizance was forfeited ; that a *scire facias* and an *alias scire facias* issued against the recognizors, directed to the sheriff of Pulaski county, and were both returned *nihil,* whereupon the court rendered judgment of execution against the cognizors; that the complainants had no notice of the proceeding upon the recognizance ; that they resided in the county

of Massac, and could have been personally served; charges that the judgment is void for want of jurisdiction of the persons of complainants, and prays that the same be enjoined.   The court dismissed the bill for want of equity.

Waiving the question of the right of the plaintiffs to equity relief against a void judgment, the case made shows no ground for the interposition of a court of equity.   The sheriff of Massac county had authority to take the recognizance, and the cognizors were bound to perform their obligation contained therein. Statute 1856, 400.

Two *nihils*, in case of *scire facias* upon a record, or recognizance, are sufficient to give the court jurisdiction of the persons of the cognizors, and to authorize judgment of execution.   *Sans v. The People*, 3 Gil. R. 327; *Besimer v. Same*, 15 Ill. R. 430. It was not necessary to send the process to the county where the cognizors resided.   The writs issued upon a record of the Circuit Court of Pulaski county, where alone the proceeding could be maintained, were properly directed to the sheriff of that county, and the returns of not found, as to each writ, gave the court jurisdiction of the persons.   The court having jurisdiction, the judgment is not void; and for error appearing in the record, not affecting the jurisdiction of the court, the complainants have a remedy by writ of error, but not by bill in equity.

*Decree affirmed.*